UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BARBARA FRAZIER                                                                    PLAINTIFF

v.                                    CASE NO. 5:10cv00106 BSM

ARKANSAS DEPARTMENT OF
CORRECTION; RICK TONEY, As
Warden of the Diagnostic Unit of the
ADC or His Successor in Interest;
Troy A. Moore, Lieutenant; and
Christopher West, Individually                                                   DEFENDANTS

## ORDER

Separate defendants Arkansas Department of Correction ("ADC") and Troy A. Moore ("Moore") move to dismiss multiple claims asserted by plaintiff Barbara Frazier ("Frazier"). [Doc. No. 6]. Frazier objects. [Doc. Nos. 22, 23]. The motion is granted.

The ADC and Moore move to dismiss a number of Frazier's claims based upon the doctrine of res judicata. They assert that these claims were addressed in a previous case filed by Frazier in 2007, Case No. 5:07cv00184 BSM, thus barring Frazier from reasserting them. In her responses, Frazier, a *pro se* plaintiff, does not address the issue of res judicata. Rather, she provides further argument for the claims she asserts.

Frazier filed her first complaint on July 18, 2007. She brought claims for sexual harassment, race discrimination, sex discrimination, retaliation, outrage, breach of contract, battery, intentional infliction of emotional distress, violations of the Arkansas Administrative Procedure Act ("APA"), violations of the Arkansas Civil Rights Act ("ACRA"), violations of the Due Process Clause, and violations of the Equal Protection Clause. These claims were

brought against the ADC; Moore, individually and in his official capacity; and Christopher West ("West"), a correctional officer for the ADC, individually and in his official capacity. The ADC and Moore moved for summary judgment on June 26, 2008, and on September 5, 2008, Frazier moved to amend her complaint. Frazier requested leave to amend to include additional claims and another defendant, Rick Toney ("Toney"), Warden of the ADC Diagnostic Unit. The motion to amend was granted in part and denied in part. Frazier was allowed to amend her complaint to include an unlawful discharge claim, but was not permitted to include Toney as a defendant.

On October 23, 2008, summary judgment was granted with respect to the following claims:

(1) All of Frazier's claims against West in his individual capacity;

(2) Frazier's 42 U.S.C. § 1981, 42 U.S.C. § 1983, and parallel ACRA claims for monetary damages against Moore and West, in their official capacities, and the ADC;

(3) Frazier's 42 U.S.C. § 1983 and parallel ACRA disparate treatment gender discrimination claims;

(4) Frazier's 42 U.S.C. § 1983 and parallel disparate treatment race discrimination claim based on: (a) her assignment to the security tower; and (b) the metal detector allegations;

(5) Frazier's 42 U.S.C. § 1983 and parallel ACRA retaliation claims with regard to: (a) her assignment to the security tower; (b) the denial of her request for catastrophic leave; (c) the April 16, 2008, incident involving Lt. Gregg Moore; and (d) the July 25, 2007 incidents involving Lt. Straughn;

(6) Frazier's equal protection claim;

(7) Frazier's procedural due process claims to the extent she relies on a property

        interest in her job or harm to her reputation as the liberty interest violated;

(8)     Frazier's claim under the APA;

(9)     Frazier's breach of contract claim;

(10)    Frazier's battery claim; and

(11)    Frazier's claim of outrage arising from the allegations that (a) West allegedly spread a rumor about her, specifically stating that she had "good p—y"; (b) that Warden Rick Toney ("Toney") did not take her allegations of sexual harassment seriously; and (c) that following an Internal Affairs investigation of her allegations, an Internal Affairs investigator that Frazier believed to be named Artie Moore told her that she "was telling a god—— lie."

The following claims remained:

(1)     Frazier's claim for injunctive relief under § 1983 and parallel ACRA provisions against Moore and West, in their official capacities, and the ADC;

(2)     Frazier's 42 U.S.C. § 1983 quid pro quo sexual harassment and parallel ACRA claims;

(3)     Frazier's 42 U.S.C. § 1983 and parallel ACRA hostile work environment sexual harassment claims;

(4)     Frazier's disparate treatment race discrimination claim based upon: (a) her suspension and termination, and (b) the treatment of the claims of Stout and Aldridge in comparison to the treatment of her claim;

(5)     Frazier's 42 U.S.C. § 1983 and parallel ACRA retaliation claims with regard to her suspension and termination;

(6)     Frazier's substantive due process claim;

(7)     Frazier's procedural due process claim to the extent that she contends that defendants violated her procedural due process rights by failing to adequately investigate her sexual harassment complaint; and

(8)     Frazier's claim of outrage arising from the alleged incidents with Moore.

In an order dated December 5, 2008, Frazier was allowed to also include claims of invasion of privacy, defamation and violations of the Health Insurance Portability and Accountability Act ("HIPAA"). A second motion for summary judgment was filed by the ADC and Moore on February 20, 2009. The motion was granted, and the following claims dismissed:

(1) Frazier's claims pursuant to 42. U.S.C. §§ 1981 and 1983 and parallel ACRA claims against defendant ADC;

(2) Frazier's Title VII, 42 U.S.C. § 1983 and parallel ACRA retaliation claims with regard to her suspension and termination;

(3) Frazier's Title VII claims for race discrimination, hostile work environment sexual harassment and quid pro quo sexual harassment against the ADC;

(4) Frazier's claims under 42 U.S.C. §§ 1981 and 1983 and parallel ACRA provisions for procedural due process violations, race discrimination and injunctive relief against Moore in his official and individual capacities;

(5) Frazier's claims under 42 U.S.C. §§ 1981 and 1983 and parallel ACRA provisions for injunctive relief against West, in his official capacity;

(6) Frazier's HIPAA claim;

(7) Frazier's defamation and invasion of privacy claims; and

(8) Frazier's remaining state law claims against ADC.

The following claims remained:

(1) Frazier's 42 U.S.C. § 1983 quid pro quo sexual harassment and parallel ACRA claims against Moore in his individual capacity;

(2) Frazier's 42 U.S.C. § 1983 and parallel ACRA hostile work environment sexual harassment claims against Moore in his individual capacity;

(3) Frazier's 42 U.S.C. § 1983 substantive due process claim against Moore in his

>           individual capacity; and
>
> (4)     Frazier's claim of outrage arising from alleged incidents with Moore against Moore in his individual capacity.

On April 29, 2009, however, Frazier moved for a voluntary dismissal. The request was granted.

Frazier filed a second complaint, thus initiating the instant suit, on April 15, 2010. The April 15, 2010, complaint is practically identical to her first complaint. Frazier alleges sexual harassment, race discrimination, sex discrimination, retaliation, outrage, breach of contract, battery, intentional infliction of emotional distress, unlawful discharge, invasion of privacy, defamation, violations of ACRA, violations of the Due Process Clause and violations of the Equal Protection Clause. Her claims are brought against the ADC, Moore, West and Toney.

Res judicata prevents "parties or their privies from relitigating issues that were or could have been raised" in a previous action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 93 (1980). To preclude a claim under res judicata, five elements must be met:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties or those in privity with them; (4) both suits are based upon the same claims or causes of action; and (5) the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009). All five elements are met with respect to a number of Frazier's claims.

Frazier's claims against the ADC are barred under the doctrine of res judicata. Frazier

Case 5:10-cv-00106-BSM   Document 26   Filed 03/08/11   Page 6 of 8

brought identical claims against the ADC in her 2007 complaint, and through the two orders granting partial summary judgment, all claims against the ADC were dismissed. The same is true of all claims brought against Moore and West in their official capacities. These claims are therefore dismissed as well.

The claims brought against Moore in his individual capacity are also identical to those brought in Frazier's first complaint. In her first action, Frazier was only allowed to proceed on four claims against Moore in his individual capacity: (1) the 42 U.S.C. § 1983 quid pro quo sexual harassment claim and parallel ACRA claims; (2) the 42 U.S.C. § 1983 and parallel ACRA hostile work environment sexual harassment claims; (3) the 42 U.S.C. § 1983 substantive due process claim; and (4) the claim of outrage arising from alleged incidents with Moore. She may proceed on these same claims; however, all other claims against Moore in his individual capacity are dismissed.

Frazier's claims against West in his individual capacity are barred by the statute of limitations. In the first case, all claims against West in his individual capacity were dismissed without prejudice because the record indicated that he was not served within the required 120 days. The merits of Frazier's claims against West in his individual capacity were never addressed, and a dismissal without prejudice specifically allows Frazier to bring the claims in a subsequent action. Such a dismissal, however, does not necessarily toll the statute of limitations.

The statute of limitations period for 42 U.S.C. § 1983 actions is determined by the statute of limitations period for personal injury actions in the state in which the claims

accrued. In Arkansas, the statute of limitations period for personal injury actions is three years. The statute of limitations period for Frazier's § 1983 claims expired in July 2008 because the events that gave rise to the claims occurred between April and July 2005. Frazier could argue that the statute of limitations period was tolled because of the dismissal of her claims against West in the first action. Indeed, Arkansas law allows for a statute of limitations period to be tolled for a year following a nonsuit. Ark. Code Ann. § 16-56-126. The dismissal of a claim upon motion of a defendant is considered a nonsuit under this statute. *West v. G.D. Searle & Co.*, 317 Ark. 525, 527 (1994). This argument, however, would fail for two reasons: (1) the statutory savings provision does not apply when a plaintiff failed to serve a defendant within the required 120 days, *Green v. Wiggins*, 304 Ark. 484, 486 (1991); and (2) even if the statutory savings provision applied, Frazier only had until October 23, 2009, to re-file her claims against West, and she failed to do so in that time period. The statute of limitations period for Frazier's § 1983 claims expired in July 2008. The § 1983 claims are dismissed.

Because Frazier's § 1983 claims against West are dismissed, this court lacks jurisdiction over her pendent state claims against West. These claims are therefore dismissed.

Frazier's claims against Toney are also dismissed as barred by the statute of limitations. Toney was not included in Frazier's July 18, 2007, complaint and the statute of limitations expired in July 2008. Frazier's 42 U.S.C. § 1983 claims against Toney are dismissed. Further, her pendent state claims against Toney are dismissed for lack of jurisdiction.

As with her 2007 complaint, Frazier is left with the following claims:

(1)  Frazier's 42 U.S.C. § 1983 quid pro quo sexual harassment and parallel ACRA claims against Moore in his individual capacity;

(2)  Frazier's 42 U.S.C. § 1983 and parallel ACRA hostile work environment sexual harassment claims against Moore in his individual capacity;

(3)  Frazier's 42 U.S.C. § 1983 substantive due process claim against Moore in his individual capacity; and

(4)  Frazier's claim of outrage arising from alleged incidents with Moore against Moore in his individual capacity.

Accordingly, the ADC's and Moore's motion to dismiss [Doc. No. 6] is granted. Frazier has also filed a motion for redress of wrongs [Doc. No. 17], motion for lack of jurisdiction and improper venue [Doc. No. 18] and motion for collateral review [Doc. No. 19]. Defendants have not responded. Because Frazier is proceeding *pro se*, her filings must be construed liberally. Even doing so, however, the court is unable to determine what Frazier is requesting in these motions. They are therefore denied.

IT IS SO ORDERED this 8th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE